UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00361

**Tamala Michelle Crawley,**
*Plaintiff,*

v.

**Commissioner, Social Security Administration,**
*Defendant.*

Before BARKER, *District Judge*

## ORDER

On August 5, 2019, plaintiff Tamala Crawley filed this civil action pursuant to the Social Security Act, 42 U.S.C. § 205(g), for judicial review of the Commissioner's denial of plaintiff's application for social security benefits. Doc. 1. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Doc. 2.

On November 9, 2019, Judge Love entered an order addressing plaintiff's apparent failure to serve process on defendant. Doc. 10. This order stated that plaintiff must serve defendant and file proof of service with the court within 14 days. *Id.* Plaintiff filed no proof of service in this timeframe.

On December 2, 2019, Judge Love issued a report and recommendation, which recommended that the complaint be dismissed for both failure to timely effect service on defendant and failure to comply with a court order. Doc. 11. Plaintiff's counsel was served with the report that same day via the court's CM/ECF electronic filing system. The report informed plaintiff of her right to file written objections within 14 days and warned that a failure to do so would bar a party from *de novo* review by the district judge. *Id.* More than 14 days have

passed since plaintiff has received the report and recommendation and no objections have been filed.[1]

The court finds no "clear error on the face of the record" in Judge Love's report. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (*en banc*) (cleaned up). Accordingly, the report and recommendation is **adopted**. Fed. R. Civ. P. 72(b)(3). The complaint is **dismissed without prejudice** for failure to comply with a court order. All motions not previously ruled on are **denied**. In addition, plaintiff's counsel, Kami Lynn Nedbalek, is **ordered** to reimburse plaintiff for all filing fees that plaintiff paid in this case. The payment to plaintiff shall be made no later than 30 days from the entry of this judgment and counsel shall file a notice of compliance with the court no later than 7 days after payment is made. Failure to comply with this order will result in additional sanctions. The clerk of court is **directed** to close this case

*So ordered by the court on December 19, 2019.*

J. CAMPBELL BARKER
United States District Judge

---

[1] On December 18, 2019, plaintiff's counsel filed proof of service on defendant. Doc. 12. But this filing was not responsive to the court's order or to the magistrate judge's report and recommendation. On November 9, 2019, the court ordered plaintiff to serve defendant and file proof of service within 14 days (Doc. 10), and plaintiff failed to do so. Indeed, plaintiff's counsel did not file proof of service for nearly 40 days—after both the order's 14-day deadline and the recommendation's objection period had passed. Doc. 12. The court has repeatedly warned plaintiff's counsel that a failure to comply with deadlines would result in dismissal. *See* Docs. 10 & 11. Therefore, the magistrate judge's conclusion that this case should be dismissed for failure to prosecute in unaffected by plaintiff's December 18 filing. Fed. R. Civ. P. 4(m); *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant.").